UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHAEL BENTLEY, III, | ) |
| | ) |
| Plaintiff, | ) 2:23-CV-51 |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DISTRICT COURT | ) |
| FOR THE EASTERN DISTRICT OF | ) |
| TENNESSEE AT GREENEVILLE, | ) |
| | ) |
| Defendant. | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Michael Bentley, III has filed a pro se Complaint [Doc. 1] and an accompanying Motion [Doc. 4] in which he asks to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. For reasons set forth below, the Court **RECOMMENDS** the complaint be **DISMISSED with prejudice**.

I.  *IN FORMA PAUPERIS* **MOTION**

In addition to filing his pro se Complaint, Plaintiff filed a Motion [Doc. 4] to proceed *in forma pauperis*. When initially considering the Motion, the Court determined that Plaintiff's application was deficient because it did not meet the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"). Under the PLRA, a prisoner who files a complaint in a district court must tender the full filing fee or he must file (1) an application to proceed in forma pauperis without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent) obtained from the appropriate official of the prison at which the

prisoner is confined. 28 U.S.C. § 1915(a)(2). In *Knott v. West*, a District Judge in this District found that an "institutional equivalent" of a certified inmate trust fund account statement included a form showing an inmate's official account balance which was completed and signed by a jail official. No. 4:21-CV-32-KAC-CHS, 2021 WL 6063121, at *1 n. 1 (E.D. Tenn. Dec. 22, 2021).

In this case, Plaintiff initially provided a certified copy of the balance of his inmate trust fund account, which was signed by a jail official, but he failed to provide a full accounting of his inmate trust fund for the previous six-month period. [Doc. 6]. The Court then provided Plaintiff with additional time to submit the required documentation. [Doc. 7]. On June 9, 2023, the Court received a copy of Plaintiff's inmate trust account balance for the past six months. [Doc. 8]. While that document did not include a jail official's signature, the Court found it appropriate to consider the newly filed document in conjunction with the information originally provided for Plaintiff's inmate trust account, which did contain a jail official's signature. In doing so, the Court has determined that the newly supplied information is an accurate reflection of the activity which occurred for Plaintiff's inmate trust account in the six months preceding his filing of the complaint in this action. Both statements reflect that Plaintiff's inmate trust account contains less than $50.00. Moreover, the six-month average balance provided in the initial filing appears to comport with the accounting information recently provided by Plaintiff. As such, the Court is now able to consider the merits of Plaintiff's Motion.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Motion to Proceed *in forma pauperis* [Doc. 4] is **GRANTED**. Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00), as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time for reasons stated below.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319. The Court now undertakes its role in screening Plaintiff's Complaint [Doc. 1].

## II. FACTUAL BACKGROUND

On April 25, 2023, Plaintiff filed his complaint against the United States District Court for the Eastern District of Tennessee at Greeneville. [Doc. 1]. In his complaint, Plaintiff includes sections titled "facts" and "legal claims," but he does not describe any events which form the basis of his complaint. Rather, Plaintiff attempts to make legal arguments but misuses legal terminology to such an extent that his claims are incomprehensible. He then attaches to the complaint a certificate of non-response and affidavits from a State of Tennessee notary public, "bond" forms, and a power of attorney document. In the certificate of non-response [Doc. 1-1][1], the notary references a criminal case in which Plaintiff is the Defendant and states that the criminal case number represents an "account" which must be "settled." The remainder of the attachments to Plaintiff's complaint also include rambling statements about Plaintiff's criminal case and Plaintiff's social security number representing "accounts." Plaintiff seeks various equitable relief and the sum of $20,250,000.00 in monetary compensation.

## III. LEGAL ANALYSIS

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

---

[1] In the Certificate of Non-Response signed by Savana R. Cain, she appears to be trying to both serve as an affiant and as a notary who is notarizing her own statement. If Ms. Cain wished to provide a sworn statement in support of Plaintiff's Complaint, she could do so but with her signature being notarized by another notary public. *See* Op. Tenn. Atty. Gen. 10-97 (Sept. 13, 2010) (quoting Tennessee Notary Public Handbook, at 6 (County Technical Assistance Service, Mar. 2006)) ("A notary should not acknowledge his or her own signature nor notarize any signature if he or she is a party to the transaction or an agent of a party taking an acknowledgment."). If she was attempting to act as a notary in Document 1-1, the Court finds that she was acting beyond the scope of her commission. In either event, the Court finds that Ms. Cain misused her position as a notary as it relates to this document.

1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

In this case, Plaintiff's complaint does not state a claim upon which relief can be granted. As an initial matter, Plaintiff has not demonstrated that suit is proper against a United States District Court. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)). A waiver of sovereign immunity must be "unequivocally expressed" in a statute. *Id.* (internal citations omitted). Here, Plaintiff has not pointed to a statute, and the Court finds none, which waives the federal judiciary's sovereign immunity.[2]

---

[2] An attachment to Plaintiff's complaint also references Senior United States District Judge J. Ronnie Greer, United States Magistrate Judge Cynthia R. Wyrick, and Clerk of Court LeAnna R. Wilson. [Doc. 1-1, p. 2]. To the extent Plaintiff is attempting to name these individuals as defendants, the Court would find that they are not subject to suit. "Judges and other court officials [including clerks] enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Harris v. Suter*, 3 F. App'x 365 (6th Cir. 2001) (citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)).

Further, even if jurisdiction was proper, Plaintiff's complaint and attachments do not include a description of any events or allegations which would form the basis of a legal claim against Defendant.[3] Instead, Plaintiff appears to describe a conspiracy theory typical of the sovereign citizen movement, wherein Plaintiff claims that he personally represents an account containing millions of dollars. *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *1-2 (E.D. Tenn. June 28, 2019) (observing that "[b]y filing abstruse legal documents to free themselves from the yoke of federal citizenship, sovereigns argue they are exempt from the jurisdiction of any legitimate court, state or federal… paradoxically, sovereigns believe they can use the court systems to access funds tied to their birth certificate and Social Security numbers…") (internal citations omitted). The Sixth Circuit has explained that a legal deficiency "occurs when 'indisputably meritless' legal theories underlie the complaint, and [a factual deficiency occurs] when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008). Even more specifically, the Sixth Circuit has found sovereign citizen rhetoric to be "meritless." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017). Given that any claims contained in Plaintiff's complaint are grounded in sovereign citizen rhetoric and are based upon indisputably meritless legal theories, this Court must recommend that Plaintiff's Complaint be dismissed with prejudice.

---

[3] By attaching a certificate of non-response and affidavits by a notary public, Plaintiff appears to be invoking Tenn. Code Ann. § 24-5-103, which provides that a certificate of a notary public "is prima facie evidence of the facts stated in the certificate." That section relates to instruments of conveyance and has no application to a civil complaint. *See* Tenn. Code Ann. § 24-5-101. Therefore, even in absence of the issues regarding the affidavit addressed by the Court in footnote one, the Court would not and does not take any statement made by a notary as prima facie evidence of facts stated in a complaint for the purposes of screening under § 1915.

## IV. CONCLUSION

As set forth above, federal courts may only entertain claims when jurisdiction exists for them to do so. Where jurisdiction does exist, the claims must have legal and factual merit to survive the screening process. Given that Plaintiff has failed to establish federal court jurisdiction over the claims he has asserted and that the claims asserted lack factual and legal merit, this Court **RECOMMENDS** that Plaintiff's Complaint [Doc. 1] be **DISMISSED with prejudice**.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[4]

**SO ORDERED AND RESPECTFULLY SUBMITTED:**

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).